**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| CYNTHIA ANN RICKIS, <br>          Appellant, | DOCKET NUMBER <br> AT-3443-14-0170-I-1 |
|       v. | |
| DEPARTMENT OF VETERANS <br>     AFFAIRS, <br>          Agency. | DATE: August 12, 2014 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[*]

Cynthia Ann Rickis, Jackson, Mississippi, pro se.

Johnston B. Walker, Jackson, Mississippi, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[*] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. See 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2  The appellant alleged that the agency issued her a reprimand and threatened to issue her a second reprimand with a suspension. Initial Appeal File (IAF), Tab 1 at 3-5. The administrative judge dismissed the appeal for lack of jurisdiction based on the parties' written submissions because he found that such actions are not directly appealable to the Board and that the appellant failed to raise a nonfrivolous allegation that the Board had individual right of action (IRA) jurisdiction over her appeal. IAF, Tab 8, Initial Decision (ID). Specifically, the administrative judge concluded that the record contained no evidence that the appellant exhausted her administrative remedies before the Office of Special Counsel (OSC), and she had not adequately alleged that she had made a protected disclosure that was a contributing factor in the agency's personnel decision. ID at 2-3. The administrative judge notified the appellant of the jurisdictional issues in her appeal in two orders prior to issuing the initial decision. IAF, Tabs 2, 5. Although the administrative judge granted the appellant's motion for an extension

of time to file her response, she submitted no evidence supporting Board jurisdiction.  *See* IAF, Tabs 6, 7.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶3	In her petition for review, the appellant argued that she submitted 64 pages of evidence in support of her appeal via facsimile but that the administrative judge failed to consider the evidence prior to issuing the initial decision.  Petition for Review (PFR) File, Tab 1 at 3.  There is no evidence in the record below that she made such a filing.  According to her petition and accompanying facsimile transmission records, the appellant submitted the alleged 64 pages of evidence on February 27, 2014.  *See id.* at 11-12.  The administrative judge's order granting the appellant an extension of time instructed her to file a statement on jurisdiction and accompanying evidence by February 20, 2014.  IAF, Tab 7.  Thus, even if the appellant had submitted the alleged evidence via facsimile as alleged, the submission was untimely.  As part of her petition for review, the appellant submitted a letter to the administrative judge, dated prior to the initial decision, stating that she had "just been able to access [her] pleading and order directed by" the administrative judge, had "tried to get assistance," and had not received a response within the allotted time frame.  PFR File, Tab 1 at 8.  However, the petition for review made no arguments for finding good cause for the untimely evidence or why the new evidence should be considered on review.  We find that the record does not support good cause for the untimely evidence submission after the extension of time.

¶4	Based on the record below, the administrative judge correctly found that the appellant failed to make a nonfrivolous allegation that the issues she raised were appealable to the Board as an IRA appeal.  The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before OSC and makes nonfrivolous allegations that:  (1) she engaged in whistleblowing activity by making a protected disclosure; and (2) the disclosure was a

contributing factor in the agency's decision to take or fail to take a personnel action. *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001). Protected whistleblowing occurs when an appellant makes a disclosure that she reasonably believes evidences a violation of law, rule or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety. *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 5 (2013); *see also* 5 U.S.C. § 2302(b)(8).

¶5        Despite receiving detailed instructions from the administrative judge on how to establish Board jurisdiction, the appellant failed to establish that she exhausted administrative remedies with OSC or made a nonfrivolous allegation that she engaged in whistleblowing activity. *See* IAF, Tab 5 at 2-3. For the first time on review, the appellant alleges that she filed a complaint with OSC. *See* PFR File, Tab 1 at 6; IAF, Tab 1 at 4. However, she provided no evidence of her OSC complaint and did not allege that she exhausted administrative remedies, a threshold issue for Board jurisdiction. The appellant has not submitted the alleged 64 pages of evidence into the record on review, nor has she described the nature of this evidence. *See* PFR File, Tab 1 at 3. After the close of the record on review, the appellant requested a stay of a proposed suspension or reprimand, stating that she contacted OSC, the Equal Employment Opportunity Commission, the Department of Labor, and her representative, but she has not provided any evidence of any such communications. PFR File, Tab 4 at 3. An employee may request a stay of a proposed or threatened personnel action under the Whistleblower Protection Act only after seeking corrective action from OSC and exhausting those proceedings. *Lozada v. Equal Employment Opportunity Commission*, 45 M.S.P.R. 310, 312-13 (1990). The appellant has made only vague statements on review regarding retaliation and whistleblowing, failing to adequately allege such actions under the requirements of 5 U.S.C. § 2302(b)(8). *See* PFR File, Tab 1 at 8, Tab 4 at 3. The appellant has failed to show any prejudice on review, and, to date, has provided no evidence supporting a finding

of Board jurisdiction of her IRA appeal. Should the appellant exhaust her administrative remedies with OSC, this decision does not preclude her from filing a timely new appeal with the regional office. *See Burroughs v. Department of the Army*, 120 M.S.P.R. 392, ¶ 9 (2013).

## NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the United States Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the United States Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the United States Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right. It is found in

Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the United States Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the United States Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for a list of attorneys who have expressed interest in providing pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                        _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.